UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| vs. ) | Case No. 4:09CV1894 JCH |
| ) | |
| VERNON JOHNSON, et al., ) | |
| ) | |
| Defendant(s). ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff United States' Motion for Summary Judgment against Vernon Johnson and Malinda Johnson ("Defendants"), filed April 13, 2011. (Doc. No. 38). The motion is fully briefed and ready for disposition.

## **BACKGROUND**[1]

On the following dates, the IRS made assessments against Defendant Vernon Johnson for federal income tax, interest and penalties[2]:

---

[1] Defendants did not respond to Plaintiff's Statement of Material Facts ("Plaintiff's Facts"). Accordingly, these facts are accepted as undisputed for purposes of the instant motion. See E.D.Mo. L.R. 7-4.01(E) ("All matters set forth in the statement of the movant shall be deemed admitted for purposes of summary judgment unless specifically controverted by the opposing party.").

[2] The assessments were based on a federal income tax return signed and filed by Vernon Johnson for tax year 1994, and an IRS examination. (Plaintiff's Facts, ¶ 3).

| Form | Period | Assessed | Unpaid Balance of Assessment | Additions | Total Due[3] (as of 3/31/2011) |
|---|---|---|---|---|---|
| 1040 | 12/31/1994 | 08/30/1996 | $ 0.00 | | $ 20,831.99 |
| | " | 10/01/2007 | $ 4,572.62 | $ 2,574.84 | $ 27,979.45 |

(Plaintiff's Facts, ¶ 3). In addition, the IRS made the following assessments of federal income tax, interest and penalties against Defendants:

| Form | Tax Year | Date Assessed | Unpaid Balance of Assessment | Additions | Total Due[4] (as of 3/31/2011) |
|---|---|---|---|---|---|
| 1040 | 1995 | 11/25/1996 | $ 79,080.03 | | |
| | " | 10/01/2007 | $ 14,454.30 | $ 126,256.77 | $ 219,791.10 |
| 1040 | 1996 | 09/08/1997 | $ 72,075.22 | | |
| | " | 02/25/2002 | $ 68,866.80 | | |
| | " | 10/01/2007 | $ 28,950.88 | $ 205,733.01 | $ 375,634.91 |
| 1040 | 1997 | 12/07/1998 | $ 23,770.97 | | |
| | " | 02/25/2002 | $ 53,544.88 | | |
| | " | 10/01/2007 | $ 15,712.14 | $ 97,052.12 | $ 190,080.11 |
| 1040 | 1998 | 11/29/1999 | $ 66,020.53 | | |
| | " | 10/01/2007 | $ 12,644.92 | $ 67,853.37 | $ 146,518.82 |
| 1040 | 1999 | 09/12/2005 | $ 56,532.70 | $ 21,745.60 | $ 78,278.30 |

---

[3] To determine the current amount due on Vernon Johnson's account for tax year 1994, on March 24, 2011, Melody A. Roebuck, Revenue Officer for the Internal Revenue Service, input Vernon Johnson's social security number into the IRS's Information Data Retrieval System ("IDRS"). (Declaration of IRS Revenue Officer Melody A. Roebuck, ¶¶ 2, 12, 13). The IDRS report shows the tax assessments, penalties and interest accruing after the date of the assessments, and the total due as of a specific date. (Id., ¶ 12). Ms. Roebuck input March 31, 2011, as the date for the IDRS to calculate Vernon Johnson's account balance, and the IDRS report showed that the total amount due on Vernon Johnson's 1994 account, including accrued interest and penalties calculated to March 31, 2011, is $27,979.45. (Id., ¶ 13).

[4] To determine the current amounts due on Defendants' accounts for tax years 1995 through 2004, 2006, and 2007, on March 24, 2011, Ms. Roebuck input Defendants' social security numbers into the IDRS. (Roebuck Declaration, ¶ 12). Ms. Roebuck input March 31, 2011, as the date for the IDRS to calculate Defendants' account balances, and the IDRS report showed that the total amount due on Defendants' accounts, including accrued interest and penalties calculated to March 31, 2011, is $1,788,072.15. (Id.).

| | | | | | |
|---|---|---|---|---|---|
| 1040 | 2000 | 09/12/2005 | $ 59,893.31 | $ 23,038.27 | $ 82,931.58 |
| 1040 | 2001 | 11/21/2005 | $ 110,507.34 | $ 40,541.43 | $ 151,048.77 |
| 1040 | 2002 | 09/29/2005 | $ 68,523.37 | $ 31,221.98 | $ 99,745.35 |
| 1040 | 2003 | 08/29/2005 | $ 30,187.03 | $ 15,212.98 | $ 45,400.01 |
| 1040 | 2004 | 10/17/2005 | $ 39,150.33 | | |
| | " | 07/02/2007 | $ 73,840.00 | $ 53,077.75 | $ 166,077.88 |
| 1040 | 2006 | 11/10/2008 | $ 78,879.57 | $ 17,933.98 | $ 96,813.55 |
| 1040 | 2007 | 11/24/2008 | $ 106,078.97 | $ 29,673.60 | $ 135,752.57 |
| **TOTAL** | | | | | **$ 1,788,072.15** |

(Plaintiff's Facts, ¶ 1).[5] According to Plaintiff, despite proper notice and demand for payment of the assessments, Defendants remain indebted to the United States for the unpaid balance, plus statutory interest and additions accruing after the dates of the assessments. (Id., ¶ 4; Complaint, ¶ 9).

On June 24, 2005, Defendants filed a request for a collection due process hearing related to their 1995, 1996, 1997 and 1998 joint tax liabilities, and Vernon Johnson's 1994 individual tax liability, which was pending until October 3, 2005. (Plaintiff's Facts, ¶ 7). On September 27, 2006, Defendants signed two Form 900 Tax Collection Waivers, agreeing to extend the collection statute on Vernon Johnson's 1994 tax year liability to November 7, 2011, and the collection statute on Defendants' 1995 and 1996 tax year liabilities to December 31, 2012. (Id., ¶ 6).

Plaintiff maintains that as a result of Defendants' failure to satisfy the above-described assessments, federal tax liens arose pursuant to 26 U.S.C. §§ 6321 and 6322 as of the dates of the assessments, and those tax liens attached to all property and rights to property then owned or

---

[5] The assessments made against Defendants were based on federal income tax returns signed and filed by Defendants for tax years 1995 through 2000, 2002 through 2004, 2006 and 2007, and an IRS examination for tax year 2001. (Plaintiff's Facts, ¶ 2). Additional taxes for tax years 1996 and 1997 were assessed following an IRS examination. (Id.).

thereafter acquired by Defendants. (Complaint, ¶ 12). Notices of the federal tax liens against Defendants were filed with the St. Louis County, Missouri, Recorder of Deeds, as follows: for tax years 1994 and 1995, notices filed July 27, 2007, and June 5, 2008; for tax year 1996, notices filed December 8, 1997, July 9, 2007, July 24, 2007, and June 5, 2008; for tax years 1997 and 1998, notices filed June 9, 2005, and June 5, 2008; for tax years 1999 through 2003, notice filed November 20, 2006; for tax year 2004, notices filed November 20, 2006, and June 5, 2008; and for tax years 2006 and 2007, notice filed February 20, 2009. (Id., ¶ 13; Plaintiff's Facts, ¶¶ 10-16).

On November 18, 2009, Plaintiff filed its Complaint in this matter against Defendants Vernon and Malinda Johnson, Heartland Bank, Parball Corporation, and the State of Missouri.[6] (Doc. No. 1). In the instant Motion for Summary Judgment, Plaintiff requests the following relief:

(a) that the Court reduce to judgment certain unpaid federal tax assessments made against Defendants; and

(b) that the Court foreclose tax liens against certain real property.[7]

(Motion for Summary Judgment, P. 1).

## **SUMMARY JUDGMENT STANDARD**

The Court may grant a motion for summary judgment if, "the pleadings, depositions, answers

---

[6] Heartland Bank, Parball Corporation and the State of Missouri were named as Defendants pursuant to IRC § 7403(b), as potential claimants to an interest in the real property at issue in this litigation. (Complaint, ¶ 5). On March 12, 2010, Plaintiff and Heartland Bank stipulated that the Bank's security interest in the property is prior to and superior to Plaintiff's interests in the property, including any tax liens asserted against Defendants in this lawsuit. (Doc. No. 21). On March 15, 2010, the Court entered a default judgment against Parball Corporation, holding Parball has no rights, claims or interest in the real property at issue in Plaintiff's Complaint. (Doc. No. 24). Defendant State of Missouri filed its Answer on January 29, 2010, claiming its tax lien has priority over Plaintiff's federal tax liens as identified in the Complaint. (Doc. No. 14).

[7] The property on which Plaintiff seeks to foreclose its federal tax liens is located at 1103 Wheaton Hill Ct., St. Louis, Missouri, 66131-1049, and is legally described as follows: Lot 16 of Weston Place, a Subdivision in St. Louis County, Missouri. According to the Plat thereof recorded in Plat Book 251 page 15 of the St. Louis County Records. (Plaintiff's Facts, ¶ 8).

to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The substantive law determines which facts are critical and which are irrelevant. Only disputes over facts that might affect the outcome will properly preclude summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Summary judgment is not proper if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Id.

A moving party always bears the burden of informing the Court of the basis of its motion. Celotex, 477 U.S. at 323. Once the moving party discharges this burden, the nonmoving party must set forth specific facts demonstrating that there is a dispute as to a genuine issue of material fact, not the "mere existence of some alleged factual dispute." Fed. R. Civ. P. 56(e); Anderson, 477 U.S. at 247. The nonmoving party may not rest upon mere allegations or denials of its pleadings. Anderson, 477 U.S. at 256.

In passing on a motion for summary judgment, the Court must view the facts in the light most favorable to the nonmoving party, and all justifiable inferences are to be drawn in its favor. Anderson, 477 U.S. at 255. The Court's function is not to weigh the evidence, but to determine whether there is a genuine issue for trial. Id. at 249.

## DISCUSSION

### I. Validity Of The United States' Tax Assessments Against Defendants

"When the Government seeks to establish federal tax liability, the Commissioner's [of Internal Revenue] determination of a tax deficiency is presumed to be correct." United States v. Walton, 2008 WL 2726939 at *3 (E.D. Mo. Jul. 10, 2008) (internal quotations and citations omitted). "Certificates of Assessments and Payments are sufficient to demonstrate that assessments were made

in accordance with statutory and regulatory requirements." United States v. Neal, 255 F.R.D. 638, 643 (W.D. Ark. 2008) (citing United States v. Bisbee, 245 F.3d 1001, 1006 (8th Cir. 2001)).[8]

> Thus, for the purposes of summary judgment, the presentation of Certificates of Assessments and Payments by the United States satisfies its burden of making a prima facie case, and it shifts the burden to the defendant to demonstrate that the United States' computation of his or her tax burden is incorrect. If the taxpayer fails to present evidence of an arbitrary or erroneous determination of his or her tax burden, the United States is entitled to summary judgment.

Id. (citation omitted).

In the instant case, Plaintiff has produced Certificates of Assessments and Payments to demonstrate the validity of its assessments. (United States' Memorandum of Law in Support of its Motion for Summary Judgment against Vernon Johnson and Malinda Johnson ("Plaintiff's Memo in Support"), P. 7, citing Applegate Decl. ¶¶ 2-14, Exhs. A-M). Further, the assessments for every year except 2001 were based on tax returns Defendants themselves filed with the IRS. (Id.).[9] Defendants offer no evidence demonstrating Plaintiff's determination is arbitrary or erroneous, see Neal, 255 F.R.D. at 643, and so Plaintiff's Motion for Summary Judgment on the validity of its assessments against Vernon Johnson for 1994, in the amount of $27,979.45, and against Defendants for 1995 through 2004, 2006, and 2007, in the total amount of $1,788,072.15 (plus statutory additions according to law from March 31, 2011, until the judgment is satisfied), is granted.

**II.     Should The Court Foreclose The Tax Liens On The Property To Satisfy Defendants' Federal Tax Liability?**

   **A.     Does The United States Have Valid Tax Liens Against Defendants?**

---

[8] "The penalties included and interest included in these Assessments are also presumed valid." Walton, 2008 WL 2726939 at *3 (citation omitted).

[9] Defendants did not file a federal tax return for 2001, and the IRS assessed their 2001 tax liability following an examination. (Plaintiff's Memo in Support, P. 7 n. 1).

## 1. Statute Of Limitations For Collection

"If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person." 26 U.S.C. § 6321. Pursuant to this provision, as a result of Defendants' failure to pay the assessed taxes federal tax liens arose on the dates of the assessments. See United States v. First Nat. Bank & Trust Co. of Fargo, N.D., 386 F.2d 646, 647 (8th Cir. 1967) ("the liens of the United States for the withholding tax arose 'at the time the assessments were made'"); see also United States v. Scheppele, 2009 WL 890274 at *2 (N.D. Iowa Mar. 26, 2009) ("A tax lien is perfected upon assessment and no further action by the IRS is required."). There is no specific time limitation on the life of the liens; rather, 26 U.S.C. § 6322 provides as follows: "Unless another date is specifically fixed by law, the lien imposed by section 6321 shall arise at the time the assessment is made and shall continue until the liability for the amount so assessed (or a judgment against the taxpayer arising out of such liability) is satisfied or becomes unenforceable by reason of lapse of time." This provision is qualified by section 6502, however, which provides in relevant part as follows:

(a) **Length of period.--** Where the assessment of any tax imposed by this title has been made within the period of limitation properly applicable thereto, such tax may be collected by levy or by a proceeding in court, but only if the levy is made or the proceeding begun–

(1) within 10 years after the assessment of the tax, or

(2) if–

(A) there is an installment agreement between the taxpayer and the Secretary, prior to the date which is 90 days after the expiration of any period for collection agreed upon in writing by the Secretary and the taxpayer at the time the installment agreement was entered into; or

> (B) there is a release of levy under section 6343 after such 10-year period, prior to the expiration of any period for collection agreed upon in writing by the Secretary and the taxpayer before such release.

26 U.S.C. § 6502(a).

### a. 1994 Through 1996

As noted above, on August 30, 1996, the IRS made an assessment against Defendant Vernon Johnson for federal income tax, interest, and penalties in connection with tax year 1994. The IRS further made assessments against Defendants for federal income tax, interest, and penalties associated with tax years 1995 and 1996 on November 25, 1996, and September 8, 1997, respectively.[10] Although Plaintiff's Complaint was filed more than ten years after the imposition of these assessments, Plaintiff maintains the collection periods were extended by the Defendants' signing of two Form 900 Tax Collection Waivers. (Plaintiff's Memo in Support, P. 10).

In their response, Defendants assert such waivers are invalid, unless they are executed in conjunction with an installment payment agreement. (Response of Vernon Johnson and Malinda Johnson to United States' Motion for Summary Judgment ("Defendants' Response"), PP. 2-3). Although Plaintiff maintains installment payment agreements were in place, thus rendering the waivers valid (see United States' Reply in Support of its Motion for Summary Judgment against Vernon Johnson and Malinda Johnson ("Plaintiff's Reply"), P. 8), the Court finds a genuine issue of material fact remains on this point.[11] This portion of Plaintiff's Motion for Summary Judgment must therefore

---

[10] Additional taxes were assessed against Defendants for tax year 1996 on February 25, 2002. Because Plaintiff's Complaint was filed on November 18, 2009, the Court finds the collection period for that assessment was open.

[11] In other words, although Plaintiff asserts in its reply that the waivers were signed contemporaneously with Defendants' submission of an installment payment agreement (Plaintiff's Reply, P. 8), the Court's review of the record reveals the Tax Collection Waivers were signed in late September, 2006, approximately five months before the installment payment agreement was recorded on March 1, 2007.

be denied.[12]

### b. 1997

As noted above, on December 7, 1998, the IRS made an assessment against Defendants for federal income tax, interest, and penalties in connection with tax year 1997.[13] Plaintiff's Complaint was filed more than ten years after the imposition of this assessment, and Plaintiff offers no explanation as to why the collection statute remained open at the time it filed its Complaint. The Court therefore will deny this portion of Plaintiff's Motion for Summary Judgment.

### c. 1998 Through 2004, 2006, 2007

The assessments against Defendants for tax years 1998 through 2004, 2006, and 2007, were made on the dates set forth in the Court's background section. Because Plaintiff's Complaint was filed on November 18, 2009, the collection period for all assessments for tax years 1998 through 2004, 2006, and 2007, was open.

### 2. Were Notices Of The Federal Tax Liens Properly Filed?

As noted above, Plaintiff's federal tax liens arose automatically upon the assessment of taxes, pursuant to 26 U.S.C. § 6321. The Government still must file notices of its federal tax liens, however, in order to protect its priority *vis-a-vis* third parties. (Plaintiff's Memo in Support, P. 11

---

[12] With respect to their 1995 tax assessment, Defendants further assert the statute of limitations has run, because "Notice of Federal Tax Lien for Tax Year 1995 was filed procedurally out of time and not refiled timely." (Defendants' Response, P. 2). Upon consideration, however, the Court agrees with Plaintiff that Plaintiff's alleged failure with respect to its filing of the notice of federal tax lien affects only Plaintiff's interest with respect to other creditors, and not the validity of the assessment liens or the Government's ability to attach such tax liens to the property. See Plaintiff's Reply, PP. 4-5; see also United States v. Rogers, 558 F.Supp.2d 774, 788-791 (N.D. Ohio 2008).

[13] Additional taxes were assessed against Defendants for tax year 1997 on February 25, 2002. Because Plaintiff's Complaint was filed on November 18, 2009, the Court finds the collection period for that assessment was open.

(citing 26 U.S.C. §§ 6321, 6322, <u>United States v. Cache Valley Bank</u>, 866 F.2d 1242, 1244 (10th Cir. 1989))). In support of its Motion for Summary Judgment, Plaintiff submits evidence that notices of federal tax liens related to the tax assessments against Defendants properly were recorded in St. Louis County. (Plaintiff's Memo in Support, attached Exhs. R-BB).

### B. <u>Should The Federal Tax Liens Attach To The Property?</u>[14]

As noted above, upon assessment federal tax liens attach to all property and rights to property, whether real or personal, belonging to the taxpayer. 26 U.S.C. §§ 6321, 6322; <u>see also</u> <u>In re Nerland Oil, Inc.</u>, 303 F.3d 911, 916 (8th Cir. 2002). "Moreover, the scope of the federal tax liens includes all the delinquent taxpayer's property interests, including interests acquired after the liens were assessed." <u>In re Nerland Oil</u>, 303 F.3d at 917 (citations omitted). Therefore, because the tax liens attached to all Defendants' property and rights to property, whether then-owned or after-acquired, on the dates of assessments set forth above, the Court will foreclose the specified tax liens to satisfy Defendants' tax liabilities.[15] <u>See</u> <u>Scheppele</u>, 2009 WL 890274 at *2 ("After adjudicating the merits of the Government's claim to the properties upon which it has obtained a federal tax lien, the court may decree a sale of properties belonging to the delinquent taxpayer and order a distribution

---

[14] Upon consideration, the Court finds 26 U.S.C. § 6331, addressing levy and distraint and referenced in Defendants' response, is not relevant to this § 7403 suit for judicial foreclosure of tax liens. <u>See</u> <u>United States v. Meisner</u>, 2007 WL 1290088 at *8 (D. Neb. May 2, 2007) ("Tax lien foreclosures and tax levies are separate mechanisms used by the IRS to collect unpaid taxes from recalcitrant taxpayers.").

[15] In their response, Defendants assert without supporting documentation that Malinda Johnson's federal tax liens for all years other than 2006 and 2007 were released through bankruptcy. (Defendants' Response, P. 3). Pursuant to Supreme Court law, however, "a bankruptcy discharge extinguishes only one mode of enforcing a claim-namely, an action against the debtor *in personam*-while leaving intact another-namely, an action against the debtor *in rem*." <u>Johnson v. Home State Bank</u>, 501 U.S. 78, 84 111 S.Ct. 2150, 115 L.Ed.2d 66 (1991). <u>See also</u> <u>Rogers</u>, 558 F.Supp.2d at 784-785. Defendant Malinda Johnson's tax liabilities thus remain collectible through foreclosure of the respective liens on the property.

of the proceeds from their sale.").

**CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff United States' Motion for Summary Judgment against Vernon Johnson and Malinda Johnson (Doc. No. 38) is **GRANTED** in part and **DENIED** in part, in accordance with the foregoing.

**IT IS FURTHER ORDERED** that Plaintiff United States is entitled to summary judgment against Defendants Vernon and Malinda Johnson for portions of the unpaid assessed balance of their 1996 and 1997 federal income taxes, together with the entire unpaid assessed balance of their 1998 through 2004, 2006, and 2007 federal income taxes, including accrued interest and other accrued statutory additions. <u>Neal</u>, 255 F.R.D. at 644. The real property, as described in footnote seven, <u>supra</u>, is subject to the following tax liens assessed against Defendants:

| Tax Year | Assessment |
| --- | --- |
| 1996 | $68,866.80 |
| 1997 | $53,544.88 |
| 1998 | $146,518.82 |
| 1999 | $78,278.30 |
| 2000 | $82,931.58 |
| 2001 | $151,048.77 |
| 2002 | $99,745.35 |
| 2003 | $45,400.01 |
| 2004 | $166,077.88 |
| 2006 | $96,813.55 |
| 2007 | $135,752.57 |
| **TOTAL** | **$1,124,978.51** |

These liens thus are ordered foreclosed, and the property in question is ordered to be sold. Neal, 255 F.R.D. at 644 (citing 26 U.S.C. § 7403(c)).[16]

Dated this 27th day of May, 2011.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE

---

[16] As noted above, Plaintiff and Heartland Bank have stipulated that the Bank's security interest in the property is prior to and superior to Plaintiff's interest in the property, including any tax liens asserted against Defendants. Plaintiff's priority *vis-a-vis* the State of Missouri, however, remains unclear at this time. The Court therefore makes no ruling with respect to the distribution of proceeds from any eventual sale of the property.